IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ATLANTIC PACIFIC EQUIPMENT,
INC.,

    Plaintiff,

      v.

WILLIAM DALE GRAHAM,

    Defendant.

CIVIL ACTION FILE
NO. 1:12-CV-3306-TWT

ORDER

      This is an action for breach of contract, defamation, tortious interference with business relations, and unjust enrichment.  It is before the Court on Defendant William Dale Graham's Motion to Dismiss or Transfer [Doc. 7] and Defendant William Dale Graham's Motion to Dismiss Plaintiff's Amended Complaint [Doc. 12].   For the reasons set forth below, Defendant William Dale Graham's Motion to Dismiss or Transfer [Doc. 7] is DENIED  and Defendant William Dale Graham's Motion to Dismiss Plaintiff's Amended Complaint [Doc. 12] is DENIED.

I.  Background

      Plaintiff Atlanta Pacific Equipment, Inc. ("At-Pac") hired Defendant William Dale Graham to sell scaffolding equipment on June 18, 2010.  Graham executed an

Employee Non-Compete, Non-Solicitation, Trade Secret and Intellectual Property Agreement when his employment began.  (Am. Compl. ¶ 6). After about two years, At-Pac learned that Graham was negotiating for a position with a different company. At-Pac attempted to induce Graham to stay and,  in April 2012, At-Pac and Graham verbally agreed that Graham would remain at At-Pac and be promoted to director. Later in April, Graham agreed to an increased compensation package which would become effective on May 1, 2012.  (Am. Compl. ¶¶ 11-16).

At-Pac alleges that, as consideration for the increased compensation, Graham executed a new Employee Non-Compete, Non-Solicitation, Trade Secret and Intellectual Property Agreement (the "2012 Agreement").  (Am. Compl. ¶ 17, Ex. B). At-Pac further alleges that Graham executed both the 2012 Agreement and the agreement reflecting his increased pay package in the presence of his supervisor, Alan Oliver.  (Am. Compl. ¶ 18).

Along with the non-solicitation provisions, the 2012 Agreement included choice of law and a choice of forum clauses.  The agreement stated that "the rights and obligations of the parties to the Agreement will be determined in accordance with the laws of the State of Georgia."  (Am. Compl. ¶ 29; Am. Compl. Ex. B, ¶ 10).  The agreement further stated that the parties irrevocably consented to "the exclusive jurisdiction and venue of the courts of any county in the State of Georgia."  (Id.)  At-

Pac and Graham also agreed that "any forum other than the State of Georgia is an inconvenient forum and that a lawsuit (or non-compulsory counterclaim) brought by one party against another party, in a court of any jurisdiction other than the State of Georgia should be forthwith dismissed or transferred to a court located in the State of Georgia."  (Id.)

On May 25, 2012, Graham resigned from At-Pac.  At-Pac alleges that Graham resigned without notice and that Graham had been paid all monies owed to him before his resignation.  (Am. Compl. ¶¶ 31-33).  After resigning, Graham immediately begin to work for Scafom, one of At-Pac's competitors.  At-Pac, by letter, notified both Scafom and Graham of Graham's obligation under the 2012 Agreement to refrain from soliciting At-Pac's customers.  (Am. Compl. ¶¶ 35-37).

Soon after, At-Pac learned that Graham was soliciting sales from one of At-Pac's largest customers.  Through counsel, At-Pac sent a cease and desist letter to Graham's counsel on July 27, 2012.  Graham's counsel responded on August 3, 2012, and requested time to confer with his client.  Then, on August 9, 2012, Graham filed an Original Petition, Application for Declaratory Judgment and Application for Temporary Restraining Order and Injunction in the District Court of Harris County, Texas.  (Am. Compl. ¶¶ 40-43).

At-Pac removed Graham's complaint to the Southern District of Texas on August 16, 2012, and moved to dismiss the action based on the forum selection clause contained in the 2012 Agreement.  On December 21, 2012, the Southern District of Texas granted At-Pac's motion to dismiss, concluding that the forum selection clause of the 2012 Agreement required that the case be filed in Georgia.  (See Graham v. Atlanta Pacific Equipment, Inc., No. 12-cv-2458, Order Granting Motion to Dismiss (S.D. Tex. Dec. 21, 2012)).

At-Pac filed the complaint in this case in the Superior Court of Cobb County, Georgia, on August 23, 2012.  The case was removed to this Court on September 21, 2012. Graham filed a motion to dismiss or transfer on September 28, 2012.  At-Pac responded on October 15, 2012, and amended its complaint.  Graham filed a motion to dismiss or transfer the amended complaint on October 30, 2012.  Graham contends that there is nothing in the amended complaint suggesting he should be subject to personal jurisdiction in Georgia.

## II.  Motion to Dismiss Standard

"In the context of a motion to dismiss for lack of personal jurisdiction in which no evidentiary hearing is held, the plaintiff bears the burden of establishing a prima facie case of jurisdiction over the movant, nonresident defendant."  Morris v. SSE, Inc., 843 F.2d 489, 492 (11th Cir. 1988).  The plaintiff establishes a prima facie case

by presenting "enough evidence to withstand a motion for directed verdict." <u>Madara v. Hall</u>, 916 F.2d 1510, 1514 (11th Cir. 1990).  A party presents enough evidence to withstand a motion for directed verdict by putting forth "substantial evidence . . . of such quality and weight that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions . . ." <u>Walker v. NationsBank of Florida</u>, 53 F.3d 1548, 1555 (11th Cir. 1995).  The facts presented in the plaintiff's complaint are taken as true to the extent they are uncontroverted.  <u>Foxworthy v. Custom Tees, Inc.</u>, 879 F. Supp. 1200, 1207 n.10 (N.D. Ga. 1995).  If, however, the defendant submits affidavits challenging the allegations in the complaint, the burden shifts back to the plaintiff to produce evidence supporting jurisdiction.  <u>Diamond Crystal Brands, Inc. v. Food Movers Intern., Inc.</u>, 593 F.3d 1249, 1257 (11th Cir. 2010); <u>Meier v. Sun Int'l Hotels, Ltd.</u>, 288 F.3d 1264, 1269 (11th Cir. 2002).  If the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff. <u>Madara</u>, 916 F.2d at 1514.

## III.  <u>Discussion</u>

Graham argues the complaint should be dismissed as it contains no facts indicating that Graham should be subject to personal jurisdiction in Georgia and because the 2012 Agreement, in which the parties consent to jurisdiction in Georgia,

was never fully performed. As noted, the Southern District of Texas granted At-Pac's motion to dismiss in the suit filed there by Graham against At-Pac. That court held that Georgia was the appropriate forum for the lawsuit. The court concluded that "[t]he forum selection clause of the April 2012 Agreement is clear. The Court must accept the clause as *prima facie* valid." <u>Graham</u>, No. 12-cv-2458, at 7.

Before this Court, Graham is again arguing that the forum selection clause is invalid. However, his argument is barred by the doctrine of collateral estoppel because the Southern District of Texas has already ruled the clause is valid. The Eleventh Circuit has stated that:

> To claim the benefit of collateral estoppel the party relying on the doctrine must show that: (1) the issue at stake is identical to the one involved in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the determination of the issue in the prior litigation must have been "a critical and necessary part" of the judgment in the first action; and (4) the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior proceeding.

<u>Pleming v. Universal-Rundle Corp.</u>, 142 F.3d 1354, 1359 (11th Cir. 1998).

In <u>Davillier v. Southwest Secs., FSB</u>, No. 3:12-cv-2413-D, 2012 U.S. Dist. LEXIS 172346 (N.D. Tex. Dec. 5, 2012), the court concluded that a prior determination by a different federal court that a forum selection clause was valid precluded relitigation of that issue in a second suit. The parties, a bank and a homeowner, had entered into a settlement agreement following a dispute about late

mortgage payments.  The settlement agreement contained a forum selection clause

mandating venue in the state courts of Tarrant County, Texas.  Despite the clause, the

homeowner filed suit against the bank and several bank employees in federal court in

the Central District of California.  The California court granted the bank's motion to

dismiss, concluding that the forum selection clause in the settlement agreement

rendered venue in California improper.  After the dismissal, the homeowner filed suit

in the Northern District of Texas.  That court granted the bank's motion to dismiss for

improper venue under the doctrine of collateral estoppel. "Because the present case

involves the same issue as the one presented in the California action – i.e., whether the

Forum Selection Clause of the Settlement Agreement precludes the [homeowner] from

suing the [bank and employees] in any forum other than the state district courts of

Tarrant County, Texas," the court reasoned, "collateral estoppel precludes the parties

from relitigating in this case the validity or applicability of the Forum Selection

Clause." Id. at *10-11.

The situation here is similar to the situation in Davillier.  Graham filed suit in

Texas, and At-Pac moved to dismiss for improper venue citing the forum selection

clause in the 2012 Agreement.  Graham opposed the motion and argued the forum

selection clause was the product of overreaching.  The Texas federal court rejected

Graham's arguments and held that the clause was *prima facie* valid.  Before this

Court, At-Pac is the Plaintiff and Graham has filed the motion to dismiss.  Like the plaintiff in <u>Davillier</u>, Graham is again arguing that the forum selection clause is invalid.  Specifically, Graham argues that the 2012 Agreement, including the forum selection clause, is invalid.  Graham contends that At-Pac never executed the document, never performed based on its obligations of the document, and that the 2012 Agreement was merely just a modification of the earlier agreement Graham had made with At-Pac.  These arguments all relate to the issue of whether the forum selection clause is valid.  To restate:

> To claim the benefit of collateral estoppel the party relying on the doctrine must show that: (1) the issue at stake is identical to the one involved in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the determination of the issue in the prior litigation must have been "a critical and necessary part" of the judgment in the first action; and (4) the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior proceeding.

<u>Pleming</u>, 142 F.3d at 1359.[1]

The issue here and before the Southern District of Texas is whether the clause is invalid.  Further, the issue was actually litigated in Texas – the order from the Texas court addresses Graham's arguments, and the docket reveals that Graham filed an

---

[1] Because the prior judgment upon which collateral estoppel relies here was made by a federal court, the federal standard of collateral estoppel applies.  <u>See</u> <u>Lee v. Criterion Ins. Co.</u>, 659 F. Supp. 813, 823 (11th Cir. 1987) ("federal law governs the collateral estoppel effect of a prior federal court judgment").

opposition to At-Pac's motion to dismiss.  The determination in the Texas court was a critical and necessary part of the judgment because its resolution led to dismissal of the action.  Finally, there is no indication that Graham did not have a full and fair opportunity to litigate in the Texas court.  Indeed, Graham filed the complaint in that court, filed an opposition to At-Pac's motion to dismiss, and briefed additional issues before the Texas court.  Accordingly, as in <u>Davillier</u>, "collateral estoppel precludes the parties from relitigating in this case the validity or applicability of the Forum Selection Clause."  <u>Davillier</u>, 2012 U.S. Dist. LEXIS 172346 at *10-11.  Graham's motion to dismiss should therefore be denied.

Even assuming collateral estoppel does not bar Graham from relitigating the validity of the forum selection clause, Graham's motion to dismiss should be denied because At-Pac has pled facts to show that the forum selection clause within the 2012 Agreement is valid.  A forum selection clause is deemed "unreasonable under the circumstances" and thus unenforceable only if: (1) its "formation was induced by fraud or overreaching"; (2) "the plaintiff effectively would be deprived of [his] day in court because of the inconvenience or unfairness of the chosen forum"; or (3) "enforcement of such [a] provision[] would contravene a strong public policy." <u>Lipcon v. Underwriters at Lloyd's, London</u>, 148 F.3d 1285, 1296 (11th Cir. 1998) (citing <u>Carnival Cruise Lines, Inc. v. Shute</u>, 499 U.S. 585, 594-95 (1991); <u>M/S</u>

Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15-18 (1972)).[2]  Graham contends the forum selection clause is invalid because At-Pac never executed the 2012 Agreement, never performed based on its obligations of the agreement, and because the 2012 Agreement was merely a modification of the earlier agreement Graham had signed.

Contrary to Graham's contentions, however, At-Pac has pled facts indicating that the forum selection clause within 2012 Agreement is valid and applicable. Specifically, At-Pac, entitled to the presumption of truth as the Plaintiff here, alleges that Graham executed the 2012 Agreement in the presence of an At-Pac employee and that Graham was not induced to sign the agreement.  At-Pac further attached to its complaint a copy of the 2012 Agreement signed by both At-Pac and Graham. (See Am. Compl. Ex. B). Likewise, At-Pac contends it fully compensated Graham under his increased pay package until his resignation and therefore performed under the 2012 Agreement.  (See Am. Compl. ¶¶ 17-20, 33, Ex. B).  Graham has not controverted any of these allegations.  Further, there is no indication beyond Graham's conclusory assertions that the 2012 Agreement was only a modification of the earlier agreement between Graham and At-Pac.  Indeed, the 2012 Agreement itself makes no mention of the earlier agreement and appears to be a complete agreement in and of

---

[2] "Consideration of whether to enforce a forum selection clause in a diversity jurisdiction case is governed by federal law."  P&S Business Machs., Inc. v. Canon USA, Inc., 331 F.3d 804, 807 (11th Cir. 2003).

itself.  See Munson v. Strategis Asset Valuation & Mgmt., 363 F. Supp. 2d 1377, 1381

(N.D. Ga. 2005) (citing Mil-Spec Industries Corp. v. Pyrotechnic Specialties, Inc., 262

Ga. App. 582, 585 (2003)) ("[A]n existing contract will be replaced and discharged

when the parties enter into a subsequent valid and inconsistent agreement that

completely covers the subject matter addressed by the original contract.").  At-Pac's

allegations are sufficient to carry its burden and show that the forum selection clause

was valid and jurisdiction over Graham is proper in Georgia.  Accordingly, Graham's

motion to dismiss for lack of jurisdiction should be denied.

## IV.  Conclusion

For the reasons set forth above, Defendant William Dale Graham's Motion to

Dismiss or Transfer [Doc. 7] is DENIED and Defendant William Dale Graham's

Motion to Dismiss Plaintiff's Amended Complaint [Doc. 12] is DENIED.

SO ORDERED, this 8 day of February, 2013.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

T:\ORDERS\12\Atlantic Pacific Equipment\mtdtwt.wpd

-11-